NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BEAUTY PLUS TRADING, CO., INC, <br><br> Plaintiff, <br><br> v. <br><br> EUNHEE ADAMO, <br><br> Defendant. | Civil Action No.: 17-7469 (JLL) <br><br> OPINION |

**LINARES**, Chief District Judge.

This matter comes before the Court by way of Defendant Eunhee Adamo's Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1367(c)(3). (ECF No. 7). Plaintiff Beauty Plus Trading, Co., Inc., filed an opposition, (ECF No. 8), and Defendant submitted a reply, (ECF No. 10). The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court grants Defendant's Motion to Dismiss.

## I.  BACKGROUND[1]

Plaintiff commenced this action on September 26, 2017. (ECF No. 1 ("Compl.")). Plaintiff seeks to compel Defendant to "turn over the confidential and proprietary information that the Plaintiff had in her possession which she intentionally misappropriated." (Compl. ¶ 1).

Plaintiff employed Defendant as a sales manager, who was primarily in charge of one of Plaintiff's overseas accounts in London known as "Beauty Queen." (Compl. ¶¶ 6–7). On

---

[1] This background is derived from Plaintiff's Complaint, which the Court must accept as true at this stage of the proceedings. *See Alston v. Countrywide Fin. Corp.*, 585 F.3d 753, 758 (3d Cir. 2009).

August 22, 2017, Plaintiff's credit manager requested that Defendant provide him with documents related to the Beauty Queen account, including commercial invoices, packing lists, bills of lading, and shipping instructions. (Compl. ¶ 8). Defendant refused to produce the requested documents, and two days later, Plaintiff's credit manager again requested that Defendant produce the same documents. (Compl. ¶¶ 9–10). That same day, Defendant produced three files from her desk that contained "only a handful of documents that were woefully deficient and incomplete for the past three [] years of Defendant's handling of the Beauty Queen account." (Compl. ¶¶ 11–12).

Plaintiff decided that Defendant had failed to keep sufficient records of her work on the Beauty Queen account and changed the password on Defendant's company email account in order to deny her further access to her email. (Compl. ¶ 13). In response, Defendant let Plaintiff's human resources manager know that she quit and would not be coming to work the following Monday. (Compl. ¶ 14). Plaintiff alleges that Defendant resigned "willfully, with actual malice and with full knowledge and purposeful intention of causing injury to Plaintiff." (Compl. ¶ 23). After resigning, Defendant sent an email to her colleagues informing them that she deleted all of the company documents she kept on her "personal device." (Compl. ¶ 25). This came after repeated warnings from her supervisors to cease using her personal device to conduct business. (Compl. ¶¶ 18, 24).

Plaintiff's Complaint sets forth six counts: Count I alleges that Defendant violated the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030; Count II alleges that Defendant violated the New Jersey Computer Related Offenses Act; Count III alleges that Defendant materially breached her implied contract with Plaintiff; Count IV alleges that Defendant breached her fiduciary duty to Plaintiff; Count V alleges that Defendant breached the implied

covenant of good faith and fair dealing; and Count VI seeks a permanent injunction enjoining Defendant from "misappropriating the proprietary and confidential information which belongs to Plaintiff." (Compl. ¶¶ 26–47).

## II. LEGAL STANDARD

Defendant seeks to dismiss Plaintiff's Complaint for failure to state a claim, under Federal Rule of Civil Procedure 12(b)(6). To withstand a motion to dismiss for failure to state a claim, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

To determine the sufficiency of a complaint under *Twombly* and *Iqbal* in the Third Circuit, the Court must take three steps. "First, it must 'tak[e] note of the elements [the] plaintiff must plead to state a claim.' Second, it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, '[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 675, 679) (citations omitted). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230

(3d Cir. 2010).

### III. ANALYSIS

18 U.S.C. § 1030(a) sets out seven specific violations of the CFAA. 18 U.S.C. § 1030(a)(1)–(7). Plaintiff does not specify which of these seven causes of action it is bringing its claim under, but it does allege that "Defendant knowingly stored the Beauty Queen Documents in her personal device with intent to misappropriate the confidential and proprietary information either to gain financial benefits for herself and/or cause substantial harm to the Plaintiff." (Compl. ¶ 27).

Plaintiff fails to plead the necessary elements of a CFAA claim. District courts in the Third Circuit "have held, in the employer-employee context, that an employee who may access a computer by the terms of [her] employment is 'authorized' to use that computer for purposes of [the CFAA] even if [her] purpose in doing so is to misuse or misappropriate the employer's information." *Robinson v. New Jersey*, No. CIV. 11-6139, 2013 WL 3894129, at *4 (D.N.J. July 26, 2013) (quoting *Integrated Waste Sols. v. Goverdhanam*, Civil Action No. 10-2155, 2010 WL 4910176, at *8 (E.D. Pa. Nov. 30, 2010)); *see also Bro-Tech Corp. v. Termax, Inc.*, 651 F. Supp. 2d 378, 407 (E.D. Pa. 2009). Here, Defendant was specifically authorized to access the Beauty Queen documents. As Plaintiff's Complaint states, Defendant was the sales manager on the Beauty Queen account. Plaintiff disputes the legitimacy of the actions Defendant took with respect to the Beauty Queen documents, but Defendant's conduct falls squarely within the employer-employee context in which an employee has "authorized" access to her work computer, even if it is for the purpose of misappropriating the employer's information.

Moreover, Plaintiff's claims that Defendant intends to misappropriate her employer's proprietary information are, at this point, mere conjecture. The Complaint sets forth various

conclusory statements. (Compl. ¶¶ 23, 27) (stating that Defendant resigned "willfully, with actual malice and with . . . purposeful intention of causing injury to Plaintiff," and that "Defendant knowingly stored the Beauty Queen documents in her personal device with intent to misappropriate the confidential and proprietary information either to gain financial benefits for herself and/or cause substantial harm to the Plaintiff"). Plaintiff's Complaint pleads no facts that indicate Defendant has either taken or misappropriated Plaintiff's proprietary information, that Defendant even still possesses that information, or that Defendant's actions have harmed Plaintiff. In fact, the Complaint states that Defendant *deleted* the Beauty Queen documents from her personal device, and summarily concludes that "Plaintiff was damaged in an amount to be determined at trial." (Compl. ¶¶ 25, 28). Such conclusory allegations "are not entitled to the assumption of truth," and may be disregarded. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679). As such, Plaintiff's Complaint fails to state a CFAA claim that is plausible on its face, and Defendant's Motion to Dismiss is granted as to Count I.

Plaintiff's remaining claims are grounded in state law. (*See* Compl. ¶¶ 29–47). The Court has no diversity jurisdiction over these claims, as the parties are both citizens of New Jersey. (Compl. ¶¶ 4–5). Where a district court dismisses all claims over which it has original jurisdiction, it may, in its discretion, decline to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c)(3); *Elkadrawy v. Vanguard Grp., Inc.*, 584 F.3d 169, 174 (3d Cir. 2009). Because this Court has dismissed Count I, over which it had original jurisdiction, it declines to exercise supplemental jurisdiction over Counts II–VI. As a result, this Court dismisses Counts II, III, IV, V, and VI for lack of subject matter jurisdiction.

### IV. CONCLUSION

For the aforementioned reasons, the Court dismisses Count I with prejudice and Counts

II, III, IV, V, and VI without prejudice. An appropriate Order accompanies this Opinion.

DATED: February 13, 2018

JOSE L. LINARES  
Chief Judge, United States District Court